Newman, J.
The demurrer to the petition presents the question whether a justice of the peace elected in a township of Cuyahoga county outside of the city of Cleveland has jurisdiction to issue an order of attachment against a resident of the city of Cleveland and against a garnishee who is a resident of that city, when neither the defendant nor the garnishee can be served in the township in which the justice of the peace was elected and in which he resides.
Section 583, Revised Statutes, as amended 93 Ohio Laws, 146, provided:
“Justices of the peace within and co-extensive with their respective counties shall have jurisdiction and authority: * * *
“7. To issue attachments and proceed against the goods and effects of debtors in certain cases, except in counties containing a city of the second grade of the first class, or of the first grade, second class, the jurisdiction and authority in such cases is co-extensive only with the township for which the justice was elected, but when said justice has jurisdiction of the defendant because he resides in the township for which said justice was elected or otherwise as provided in section 584 of the Revised Statutes, the jurisdiction of such justice in attachment shall be co-extensive with the county.”
*4 Section 584, as amended 93 Ohio Laws, 146, provided:
“No householder or freeholder resident of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except as otherwise provided by section five hundred and eighty-th-ree, and in the cases following: * * *
“Fourth. Where the summons is accompanied with an order to attach property the jurisdiction is co-extensive with the county, except in counties containing a city of the second grade of the first class, or of the first grade, second class, the jurisdiction is co-extensive only with the township for which the justice was. elected, unless jurisdiction of the defendant is otherwise obtained as provided elsewhere in this section.”
The counties referred to in paragraph 7 of Section 583 and in paragraph 4 of Section 584 are Cuyahoga and Franklin.
On February 2, 1909, in Oakman v. Rose Furniture Co., 79 Ohio St., 467, the judgment of the circuit court of Cuyahoga county was affirmed. The circuit court in that case held unconstitutional the amendment to Section 584, Revised Statutes, supra, excepting Cuyahoga and Franklin counties from the general provisions of that section as to the jurisdiction of justices of the peace in attachment cases, and held that justices of the peace in those counties, as well as. in all the counties of the state, had jurisdiction co-extensive with their counties *5 “to issue attachments and proceed against the goods and effects of debtors in certain cases.”
The codifying commission of Ohio codified the laws of this state, which codification was adopted by the general assembly in 1910. Section 583 was carried into the General Code as Section 10224, and the codifying commission named the two counties, Cuyahoga and Franklin, in paragraph 7, instead of referring to them by class and grade.
Section 584 was carried into the code as Section 10225, and paragraph 4 of the former section was made to read: “Where the summons is accompanied with an order to attach property the jurisdiction is co-extensive with the county, except as otherwise specially provided.”
We do not think there can be any question but that the words “except as otherwise specially provided” refer to the exception in the seventh paragraph of Section 10224.
It is to be observed, therefore, that not only the provisions for county-wide jurisdiction of justices in attachment cases were reenacted by the general assembly in 1910, but also the provisions which excepted Cuyahoga and Franklin counties therefrom. These two sections were in the General Code on September 3, 1912.
On that date Section 1, Article IV of the Constitution, was amended so as to read: “The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law.” This constitutional amend *6 ment became effective January 1, 1913, and the office of justice of the peace ceased at that time to be a constitutional office.
The general assembly, clothed with power to establish courts inferior to the courts of appeals, on April 28, 1913 (103 Ohio Laws, 214), enacted the following:
“Sec. 1711-1. That there be and is hereby established in each of the several townships in the several counties of the state of Ohio, except townships in which a court other than a mayor’s court now exists or may hereafter be created having jurisdiction of all cases of which justices of the peace have or may have jurisdiction, the office of justice of the peace.
“The jurisdiction, powers and duties of said office, and the number of justices of the peace in each such township shall be the same as was provided by the laws in force on September 3rd, 1912. All laws and parts of laws in force on said date, in any manner regulating such powers and duties, fixing such jurisdiction or pertaining to such office or the incumbents thereof are hereby declared to be and remain in force until specifically amended or repealed, the same as if herein re-enacted.”
It is conceded by counsel for the relator-that there was established in each of the townships in the several counties, except townships in which a court other than a mayor’s court then existed or that might thereafter be created, the office of justice of the peace, with the jurisdiction, powers and duties that had existed by the laws in force on September 3, 1912, and all laws regulating such powers *7 and duties and fixing such jurisdiction were expressly declared to be and remain in force until repealed.
Cleveland township, Cuyahoga county, is a township in which a court other than a mayor’s court exists, viz., the municipal court of the city of Cleveland, and therefore there are no justices of the peace in that township.
But it is the claim of counsel that inasmuch as the provisions in Sections 583 and 584, Revised Statutes, supra, excepting Cuyahoga and Franklin counties, have been declared unconstitutional in the Oakman case, Sections 10224 and 10225, General Code, their successors, stand with the same meaning and the same interpretation that attached before the codification in 1910.
We cannot subscribe to this view. It is not a matter of interpretation or construction with which we are dealing. When Section 1711-1, supra, was enacted in 1913, the general assembly, by the use of the term “laws in force on September 3rd, 1912,” had reference to all sections in the General Code relating to the jurisdiction, powers and duties of a justice of the peace which had not been repealed. Sections 583 and 584, Revised Statutes, had not only not been repealed, but, as we have seen, were carried into the General Code as Sections 10224 and 10225. At the time Section 1711-1, supra, was enacted, the holding in the Oakman case could have no application, for the office of justice of the peace had ceased to be a constitutional office, had become statutory, and was wholly within the control of the general assembly. In re Hesse, 93 Ohio St., 230.
*8 Our conclusion that the general assembly intended to include among the laws in force on September 3, 1912, the exception contained in Sections 10224 and 10225, supra, in reference to Cuyahoga and Franklin counties, is strengthened, we think, by the fact that as late a§ February 1917, 107 Ohio Laws, 20, Section 10225 was amended and the exception in reference to these two counties was again carried into the section.
On April 18, 1913, 103 Ohio Laws, 682, the general assembly amended and supplemented an act providing for the establishment of a municipal court in the city of Cleveland, and in Section 1579-10 it was provided that in all actions and proceedings against a resident of the city of Cleveland, heard and determined in a court of a justice of the peace in and for any township in the county of Cuyahoga other than Cleveland township, the municipal court shall have appellate civil jurisdiction.
It is urged by counsel for the relator that in the use of this language the general assembly recognized the jurisdiction of justices of the peace over residents of the city of Cleveland when the summons is accompanied by an order of attachment, and provided this remedy instead of excluding the jurisdiction of a justice over residents of the city of Cleveland, as do the other municipal court acts.
In view of the later enactment to which we have referred — the act of February 1917, amending Section 10225, carrying with it the exception in reference to Cuyahoga and Franklin counties — we do not think that the provision in the Cleveland *9 municipal court act with reference to an appeal was intended to have application to attachment matters. This appeal provision could well apply to other civil matters, in which a justice of the peace outside of the city of Cleveland has jurisdiction over residents of that city. For instance, in paragraph 5 of Section 10225, when two or more persons are jointly, or jointly and severally bound in a debt or contract, or otherwise jointly liable for the same action, and reside in different townships of the same county, or in adjoining counties, the plaintiff may commence his action before a justice of the township in which any of the persons liable reside ; and, in paragraph 6, in cases of trespass to real or personal property, the action may be brought in the township where the trespass was committed, or in the township where the trespasser, or one of the several trespassers, resides.
Our holding is that Sections 10224 and 10225, supra, including the exception in reference to Cuyahoga and Franklin counties, were “laws in force on September 3rd, 1912,” and, on April 28, 1913, when Section 1711-1, supra, was enacted, were free from any constitutional objection. The defendant, therefore, in the instant case, is. precluded by the provisions of these two sections from exercising jurisdiction in the case in which plaintiff brought an action, and the writ of mandamus will therefore be denied.

Writ denied.

Nichols, C. J., Jones, Matthias, Johnson and Donahue, JJ., concur.